COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


JAMES B. TERRELL

MEMORANDUM OPINION[*] BY

v.    Record No. 1669-99-2       JUDGE JERE M. H. WILLIS, JR.
                                        APRIL 11, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
H. Selwyn Smith, Judge Designate

L. Willis Robertson, Jr. (Cosby and
Robertson, on brief), for appellant.

(Mark L. Earley, Attorney General; Shelly R.
James, Assistant Attorney General, on brief),
for appellee.


On appeal from his conviction of abduction with the intent to defile, in violation of Code § 18.2-48, and "felony assault," in violation of Code § 18.2-51, James B. Terrell contends that the trial court erred in sentencing him to thirty years imprisonment for "felony assault."  We find that Terrell was convicted of unlawful wounding, in violation of Code § 18.2-51. We reverse the sentence imposed on that conviction and remand the case for resentencing.

The first issue in this case is whether Terrell was convicted of unlawful or malicious wounding.  See Code

_____

        * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

§ 18.2-51.  The indictment charged that he "did unlawfully and feloniously stab, cut, or cause bodily injury to Doris Wickowski with the intent to maim, disfigure, disable or kill."  The indictment contained no allegation that the act was committed maliciously.  Thus, the indictment charged Terrell with unlawful wounding, rather than malicious wounding.  See id.

Terrell pled guilty to the indictment and, thus, to unlawful wounding, a Class 6 felony.  The maximum prison sentence provided for that offense is five years imprisonment, rather than the maximum of twenty years imprisonment provided for malicious wounding, a Class 3 felony.  See Code § 18.2-10.

The sentencing order, entered June 14, 1999, states:

> The Court SENTENCED the defendant to: Incarceration with the Department of Corrections for the term of: twenty (20) years for Abduction, [Code §] 18.2-48, and thirty (30) years for Felony Assault, [Code §] 18.2-51.  The total sentence imposed was fifty (50) years.
>
> The Court SUSPENDED twenty (20) years of the Abduction sentence, upon [certain] conditions . . . ."

This order, which was signed by the trial judge, became final.

The Commonwealth contends that the trial court actually intended to sentence Terrell for thirty years for the abduction and twenty years for the wounding and that the June 14, 1999 order reflected a correctable clerical error.  Code § 8.01-428 provides:

-

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Code § 8.01-428(B).

"[We] must dispose of the case upon the record and cannot base [our] decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). Nothing in the record of the sentencing hearing supports the sentence suggested by the Commonwealth; that is, that the trial court merely inverted and misrecorded the imposed sentences.

At sentencing the trial court stated, in relevant part:

> But I know one thing, it's just guidelines and all I have to is to justify -- I don't know whether I have to justify it; I have to state why I sentenced to more. But in my humble opinion, knowing that you will be serving eighty-five percent, at least eighty-five percent of the time I give you, I've taken into consideration your age, the sentence that I'm about to make, the age of your victim, the condition the victim was left in, where it took place, when it took place, and the end result being the ultimate that she will be suffering as far as the future's concerned. . . .

-

> I hear what the Commonwealth has said, but I'm sentencing him to thirty years in the penitentiary. I'm not suspending any portion of that because the way I figure it, eighty-five percent of that, if he serves that much time, you won't be able to get out until you're about twenty-five and a half years in the penitentiary. Add that to your present age at forty-one, right? You're forty-one years of age?
>
> \*    \*    \*    \*    \*    \*    \*
>
> On the abduction, the twenty years, I am going to suspend that -- all that time.

At no time did the trial court clarify the sentence in such a way that the sentencing order can clearly be deemed a clerical error. Rather, the sentencing judge reviewed and signed the order. The Commonwealth lodged no objection. No further order has been entered.

The twenty year sentence imposed for abduction with the intent to defile is within the range provided by statute and is lawful. See Code § 18.2-48. That sentence and its suspension are not on appeal and are final.

The trial court erred in sentencing Terrell to thirty years imprisonment for a Class 6 felony, unlawful wounding. Accordingly, we reverse and vacate that sentence and remand that conviction to the trial court for resentencing in accordance with Code § 18.2-51.

Reversed and remanded.

-